[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in the present action is the law firm of O'Connell, Flaherty Attmore; the defendant is Frank Maratta. On November 19, 1993, the court, Wright, S.T.R., rendered a memorandum of decision in favor of the plaintiff for legal fees owed to it by the defendant. On January 19, 1994, the court, Sheldon, J., entered judgment in favor of the plaintiff in the present action. On January 20, 1994, a hearing was held at which the plaintiff appeared and perfected the judgment; the defendant claims that the plaintiff failed to notify him of the outcome of this hearing. On January 21, 1994, a property execution was served by the sheriff on the Hartford Civic Center, a copy of which was mailed to the defendant. The Hartford Civic Center and Frank Maratta Productions, Inc. were parties to a contract on which a certain sum of money was owing to Frank Maratta Productions, Inc.; the property execution ordered the Hartford Civic Center to pay the amount of the judgment to the plaintiff out of this sum of money.
On January 27, 1994, the defendant signed a claim for property exemption, pursuant to General Statutes 52-352b
and 52-361b, on the ground that the property executed upon belongs to Frank Maratta Productions, Inc., and not the defendant judgment debtor, Frank Maratta; on February 1, 1994, the defendant filed a motion to quash the property execution. On February 3, 1994, a copy of the execution was served by the sheriff on the defendant and a demand for satisfaction of the judgment was made; the defendant did not satisfy the judgment. On February 4, 1994, the sheriff served a copy of the execution on the Hartford Civic CT Page 3120 Center, upon which the Hartford Civic Center released a check in the amount of the judgment to the plaintiff. On February 22, 1994, a hearing on the claim for property exemption and accompanying motion to quash was held. The seized funds are currently being held by the sheriff pending the decision on the motion for property exemption.
In support of his claim for property exemption and motion to quash the property execution, the defendant argues that the property released by the Hartford Civic Center to the sheriff is not the defendant's property, but is that of Frank Maratta Productions, Inc. While the defendant acknowledges that Frank Maratta Productions, Inc., was issued a certificate of dissolution by the secretary of state in 1992, he asserts that Frank Maratta Productions, Inc., is a de facto corporation and that, thus, the plaintiff should have instituted a separate action to "pierce the corporate veil" in order to reach those corporate assets.
The plaintiff counters that the certificate of dissolution, issued by the secretary of state in 1992 pursuant to General Statutes 33-387, dissolved Frank Maratta Productions, Inc., and that, thus, the funds seized by the sheriff are not exempt from execution and are the personal assets of the defendant. (Plaintiff's Memorandum of Law, p. 1). The plaintiff further asserts that the property execution in this case was valid pursuant to General Statutes 52-365(a).
General Statutes 52-352b provides a listing of property of any natural person that shall be exempt from judgment. On the exemption claim form signed by the defendant, the defendant lists as a basis for exemption that "[p]roperty belongs to Frank Maratta Productions Inc. and not individual Judgment Debtor Frank Maratta." The basis for exemption asserted by the defendant is not one of the bases for exemption enumerated in General Statutes52-352b.
Moreover, the defendant does not have standing to challenge the property execution. In order for a party to have standing, it must have "personal stake in the outcome of the controversy." Shaskan v. Waltham Industries Corporation, 168 Conn. 43, 49, 357 A.2d 472 (1975); see CT Page 3121 Unisys Corporation v. Department of Labor, 220 Conn. 689,693, 600 A.2d 1019 (1991) ("It is a basic principle of law that a plaintiff must have standing for the court to have jurisdiction.").
Standing has been defined as
 the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title, or interest in the subject matter of the controversy.
(Citations omitted; internal quotation marks omitted.) Id. This concept "is a practical [one,] designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests . . . ." (Citations omitted; internal quotation marks omitted.) Rose v. Freedom of Information Commission, 221 Conn. 217, 223,602 A.2d 1019 (1992). This requirement is "based upon the principle that the appropriate parties to litigate a dispute are those who are injured or about to be injured." (Citation omitted.) Manchester Environmental Coalition v. Stockton,184 Conn. 51, 65, 441 A.2d 68 (1981).
The defendant Frank Maratta does not have standing to challenge the property execution on the assets owing from the Hartford Civic Center to Frank Maratta Productions, Inc. because defendant Frank Maratta, in his individual capacity, has not been injured by the property execution on these funds. Accordingly, the defendant's claim for property exemption, and the accompanying motion to quash, are denied.
Langenbach, J.